**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

T.H.,

    Plaintiff,

v.

                                                         No. 2:24-cv-00887-MIS-KRS

MICHAEL ANDREW MARTINEZ,
Former Sheriff's Deputy in his individual capacity,

    Defendant.

**ORDER GRANTING MOTION TO INTERVENE**

THIS MATTER is before the Court on Board of County Commissioners of Doña Ana County's ("County") Motion to Intervene ("Motion"), filed December 23, 2024. ECF No. 56. Plaintiff T.H. ("Plaintiff") responded, ECF No. 59, and the County replied, ECF No. 60. Upon due consideration of the parties' submissions, the record, and the relevant law the Court will **GRANT** the Motion.

**I.**    **RELEVANT BACKGROUND**

On April 23, 2024, Defendant Michael Andrew Martinez ("Martinez") pleaded guilty in federal district court to an Information charging him with federal civil rights violations. *See United States v. Martinez*, Case No. 2:24-cr-00512-MIS (D.N.M. Apr. 23, 2024) (hereinafter, "*Martinez I*"), ECF Nos. 40, 41, 42, 43, 44. At the time of his crimes, Martinez was a Doña Ana County Sheriff's Deputy. *See* Plea Agreement, *Martinez I*, ECF No. 43 ¶ 12. Martinez was accused of sexually abusing a woman in his care as a sheriff's deputy. *Id.* The woman in question was Plaintiff, T.H. State statute potentially completely indemnifies Martinez for violating civil rights if the conduct occurred within the scope of his duty. N.M. Stat. Ann. §§ 41-4-20, -4(C). While negotiating his criminal plea—at which time he was presumably attempting to lessen the charges

1

against him and attempting to curry favor with the victim who has a right to speak at his sentencing—he agreed to completely decline to contest the facts in future civil litigation (including trials) and admitted such violations in open court.[1] *See Martinez I*, ECF No. 43 ¶¶ 11, 12, 28, 31. Because he is fully indemnified, Martinez will of course not be paying for any defense or damages of any such litigation, and he may have no interest in the outcome of this case.

On October 25, 2024, Plaintiff filed a Second Amended Complaint in this civil case asserting two claims against Martinez arising from the facts admitted and pleaded to in *Martinez I*: (1) Count I for violations of Plaintiff's Fourteenth Amendment rights to Substantive Due Process and Equal Protection and (2) Count III for tort claims of sexual assault and battery in violation of the New Mexico Tort Claims Act. ECF No. 27 ¶¶ 100-15, 129-37. On November 14, 2024, Plaintiff filed a Motion for Summary Judgment Against Martinez on Count I and Count III. ECF No. 36.

On December 23, 2024, the County filed the instant Motion to Intervene seeking intervention as of right and, in the alternative, permissive intervention.[2] ECF No. 56. The County conferred with Martinez who does not oppose this Motion. *Id.* at 1. On January 10, 2025, Plaintiff filed her response. ECF No. 59. On January 24, 2025, the County filed its reply. ECF No. 60.

## II.  LEGAL STANDARD

The party seeking intervention as of right under Federal Rule of Civil Procedure 24(a) has a minimal burden to show that "(1) the application is timely; (2) it claims an interest relating to the property or transaction which is the subject of the action; (3) the interest may as a practical matter

---

[1] Martinez was sentenced to 108 months in custody and three years of supervised release. *Martinez I*, ECF No. 64.

[2] Pursuant to Rule 24(c), the County attached to its Motion an Answer to the Second Amended Complaint.

be impaired or impeded; and (4) the interest may not be adequately represented by existing parties." *Kane County v. United States*, 928 F.3d 877, 890 (10th Cir. 2019).

## III.  DISCUSSION

After considering both parties' arguments, the Court finds that the County has met its burden to intervene as of right.[3]

First, the Court finds that the County's Motion is timely because the County moved to intervene at the earliest practicable moment upon notice of its interests in the claim, *see* ECF No. 55 at 9, this case is in the early stages before discovery has even begun, and entry of the County at this stage would not prejudice any parties, *see Elliott Indus., Ltd. v. BP Am. Prod. Co.*, 407 F.3d 1091, 1103-04 (10th Cir. 2005).

Second, the Court finds that the County has a "direct, substantial, and legally protectable interest" in the outcome of the litigation, especially concerning punitive damages because who pays punitive damages and their financial worth is likely relevant evidence for the fact finder. *See Rosales v. Bradshaw*, No. CIV 20-0751 JB/JHR, 2021 WL 5356668, at *38 (D.N.M. Nov. 17, 2021), *aff'd in part, rev'd in part on other grounds*, 72 F.4th 1145 (10th Cir. 2023); *see also Elliott Indus.*, 407 F.3d at 1103; *San Juan County v. United States*, 503 F.3d 1163, 1202-03 (10th Cir. 2007), *abrogated on other grounds by Hollingsowrth v. Perry*, 570 U.S. 693 (2013). Should the factfinder determine that Martinez was acting within the scope of his duties as a public employee, Martinez may be fully indemnified under the New Mexico Tort Claims Act by the County. *See* N.M. Stat. Ann § 41-4-20. Further, the County may then be responsible for paying any punitive damages awarded, which could be a considerably large sum. N.M. Stat. Ann. § 41-4-4(C).

Third, the Court finds that the County has an interest that may as a practical matter be

---

[3] In light of the Court's finding that the County has met its burden to intervene as of right, the Court need not reach a conclusion on permissive intervention.

3

impaired. *See Kane County*, 928 F.3d at 891. The County's interest is contingent upon a determination by the finder of fact as to whether Martinez was acting within the scope of his duty. *See Risk Mgmt. Div., Dept. of Fin. and Admin. v. McBrayer*, 14 P.3d 43, 51 (N.M. Ct. App. 2000) (remanding for the fact finder to determine whether criminal acts were performed within the scope of duty as contemplated under the New Mexico Tort Claims Act); *see also D.G. v. City of Las Cruces*, No. 14-CV-368 MCA/WPL, 2016 WL 10721467, at *6 (D.N.M. Feb. 1, 2016). The impact on the County, should the fact finder make a determination in Plaintiff's favor, is more than speculative or remote since the outcome of such a determination could lead to damages, including potentially substantial punitive damages, for which the County may be responsible. *See* N.M. Stat. Ann. §§ 41-4-20, -4(C); *see also WildEarth Guardians v. U.S. Forest Serv.*, 573 F.3d 992 (10th Cir. 2009) ("The threat of economic injury from the outcome of litigation undoubtedly gives a petitioner the requisite interest."); *Ute Distrib. Corp. v. Norton*, 43 F. App'x 272, 279 (10th Cir. 2002) ("Litigation impairs a third party's interests when the resolution of the legal questions in the case effectively foreclose the rights of the proposed intervenor in later proceedings, whether through *res judicata,* collateral estoppel, or *stare decisis.*"). Further, should this case go to trial, the issue of who pays punitive damages is likely to become relevant because it is highly unlikely that Martinez will be able to satisfy a punitive damages award, he is indemnified by statute, and the relative wealth of the County may be at issue. *See Moore v. LaSalle Corr., Inc.*, 429 F. Supp. 3d 285, 292 ("Under federal law, evidence of a defendant's financial worth and ability to pay may be admissible for the purpose of evaluating the amount of punitive damages that should be awarded.") (citations omitted); *see also City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 270-71 (1981).

Fourth, the Court finds that the County's interest may not be adequately represented by

existing parties. *See Kane County*, 928 F.3d at 892. To begin with, Martinez signed a plea agreement which limits his ability to contest facts as admitted, and he may have no interest in the outcome of this case. *Martinez I*, ECF No. 43 ¶ 11. Further, Martinez and the County do not have the same motivation to litigate responsibility for any punitive damages because, as previously mentioned, Martinez is likely unable to satisfy a punitive damages award. *See* N.M. Stat. Ann. § 41-4-4(C); *see also Bottoms v. Dresser Indus., Inc.*, 797 F.2d 869, 872 (10th Cir. 1986). Without the County's participation, a possibility arises that Martinez could settle this case or otherwise fail to defend the claims under the assumption that the County—without any recourse—would be responsible for the entire settlement amount or damages awarded.

Therefore, the Court finds that the County has met its burden on all four elements to support its motion to intervene as of right under Rule 24(a).

### IV. CONCLUSION

For the foregoing reasons:

1. The County's Motion to Intervene [ECF No. 56] is **GRANTED**;

2. The County shall file its Answer as a separate docket entry within three days from the date of this order;

3. The County may file a response to Plaintiff's Motion for Summary Judgment [ECF No. 36] within fourteen days of the date of this order; and

4. Plaintiff shall have fourteen days from the date of the County's response to file a reply.

**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE