IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**T.H.,**

    **Plaintiff,**

v.      No. 2:24-cv-00887-MIS-KRS

**FORMER SHERIFF'S DEPUTY**
**MICHAEL ANDREW MARTINEZ, in his individual capacity,**

    **Defendant,**

**and**

**BOARD OF COMMISSIONERS OF DOÑA ANA COUNTY,**

    **Defendant-In-Intervention.**

## CONFIDENTIALITY ORDER

The Court finds that the parties may be required to produce or disclose in this proceeding certain confidential or private information, documents or things, as described below, and that disclosure of Confidential material without reasonable restriction on its use may cause harm, damage, loss, embarrassment or disadvantage to the producing party. The Court further finds that entry of this Confidentiality Order will facilitate the orderly and cost-effective discovery of relevant information while minimizing the potential for unauthorized disclosure of Confidential material. The Court having found good cause pursuant to Federal Rule of Civil Procedure 26(c) for entry of this Confidentiality Order, **IT IS HEREBY ORDERED** as follows:

    1.    The following documents and information contained in said documents (hereinafter "Confidential Information"), which may be produced as described below, shall be kept

confidential and shall be utilized by the Parties for purposes solely related to the Lawsuit (including but not limited to discovery, motions practice, mediation, or trial), as stated below:

    a.    All medical and psychological records of all parties.

    b.    Bank and credit card statements and credit score information of all parties.

    c.    All materials contained in employment or personnel files relating to the Parties or to any other employee, defined for purposes of this Order to include current or former employees and volunteers of Defendant-in-Intervention Doña Ana County ("the County"), except such materials may be disclosed by the County at such time and in such manner as required by the Inspection of Public Records Act, NMSA 14-2-1, *et seq.*

    d.    All documents containing Protected Health Information ("PHI"), as defined in the Health Insurance Portability and Accountability Act ("HIPAA") privacy rule, PL 104-191, 45 CFR Parts 160 and 64 and the HITECH Act; and

    e.    All student information protected by the Family Educational Rights and Privacy Act ("FERPA"), 20 U.S.C. § 1232g.

    f.    All video footage between Plaintiff T.H., and Defendant Michael Andrew Martinez.

2.    The parties shall utilize the following procedure to identify documents and/or information as Confidential Information and protect Confidential Information from disclosure to any third party:

    a.    Any party disclosing information or materials may, at any time prior or after disclosure, identify and mark material as "CONFIDENTIAL," provided a good faith basis exists for deeming the material confidential and that this designation is expressly made by notation on the material itself or in a letter accompanying the disclosure of the material. Any materials used

during a deposition which a party believes should be confidential must be identified as confidential prior to or during the deposition itself.

        b.    All Confidential Information produced or exchanged during discovery in this litigation shall be used solely for the purpose of this litigation until final judgment, including any appeals or settlement, and shall not be disclosed to any person other than as permitted herein.

        c.    Confidential Information used during depositions shall be expressly identified as "Confidential" in the transcript or other official record of the deposition. Confidential Information marked as deposition exhibits must be clearly marked as "Confidential" before those exhibits are included in any official transcription or record. Nothing in this Confidentiality Order shall preclude any party from contesting the relevance or admissibility of any material produced pursuant to the Confidentiality Order.

    3.    Attorneys for the Parties shall only distribute or disclose Confidential Information to the following persons: (1) the Parties, judge, court personnel, and jury; (2) legal counsel representing the Parties in this action (including their administrative assistants, law clerks and other law office support staff); (3) expert witnesses retained by any Party in relation to the Lawsuit; (4) court reporters and videographers involved in the taking of any depositions, including any employees thereof; (5) any fact witness that may be called to testify at a deposition by oral examination or at trial; and (6) the County's insurance adjusters and their supervisors and boards. All non-court personnel in any of the above-categories to whom Confidential Information is disclosed must agree to abide by this Order, and shall be informed that failure to do so could subject them to sanctions by the Court.

    4.    Notwithstanding the terms of ¶ 3 above, counsel for Defendant Michael Andrew Martinez ("Martinez") or the County may only show Confidential Material received from Plaintiff

T.H. to Martinez during face-to-face meetings between Martinez and any defense counsel, and Martinez may not retain copies of any such Confidential Material received from Plaintiff T.H. Any such materials shown to, or reviewed with, Martinez must be collected by defense counsel before concluding any meeting between them and Defendant Martinez and no copies will be left with Martinez. For purposes of this order, "face-to-face meetings" include any meetings between Martinez and counsel representing either Martinez or the County conducted remotely using video (e.g., Zoom, Google Meet, etc.).

     5.    Confidential Material may be disclosed to deponents during their depositions. The attorney disclosing such material must advise the deponent on the record that, pursuant to this Order, such person may not divulge Confidential Material to any other person. Further, with respect to deposition testimony concerning any Confidential Material, such deposition testimony shall be deemed confidential, and no portion of the transcript deemed confidential shall be disclosed to any person except the deponent, the parties, their attorneys of record, and expert witnesses, and the County's insurance adjusters and their supervisors and boards, provided they agree to abide by this Order as set forth in paragraph 3. Any materials used during a deposition which a party believes should be confidential must be identified as confidential prior to or during the deposition itself.

     6.    Parties to the Lawsuit may not copy or retain copies, either paper or electronic, of any Confidential Information after the conclusion of this Lawsuit, but may retain and review such documents as is necessary while the case is in progress, provided that any such document review shall be limited to the parties themselves and the County's insurance adjusters, their supervisors and boards, and further provided that any such documents reviewed (or copies thereof) shall be promptly destroyed or returned to their respective attorneys at the conclusion of this case. This

provision does not apply to Defendant Martinez, who may not retain documents at any time as provided in Section 4. The Parties, and the County's insurance adjusters, their supervisors and boards, will not permit any person not identified above in Paragraph 3 to inspect, examine, copy, or replicate any Confidential Information, nor will they disclose any Confidential Information to any person not identified in Paragraph 3 at any time, except by order of the Court. Attorneys for the Parties and the County's insurance adjusters, their supervisors and boards agree that they and their employees will utilize Confidential Information only for purposes related to the Lawsuit, and that they shall otherwise maintain the confidentiality of documents and information deemed Confidential Information; provided however, that nothing contained in this Confidentiality Order shall prevent Defendant Michael Andrew Martinez and Defendant-in-Intervention Doña Ana County from using their own Confidential Information created or maintained by them, if used in the ordinary course of business.

7.  The parties acknowledge that this Order does not entitle them to seal confidential information filed with the Court. Before filing a motion for leave to seal a document filed with the Court, the parties should consider other steps to prevent the unnecessary disclosure of confidential information in court filings, such as redacting confidential information from the document to be filed.

8.  In the event a party seeks to file any document containing Confidential Information subject to protection under this Order with the Court, that party must take appropriate action to insure that the document receives proper protection from public disclosure, including: (a) filing a redacted document with the consent of the party who designated the document as confidential; (b) where appropriate (e.g., in relation to discovery and evidentiary motions), submitting the document solely for in camera review; or, (c) when the preceding measures are inadequate, seeking leave to

file the document or portions thereof under seal by filing a written motion for leave to file under seal. The submitting party may file a document designated as confidential under this Order as a separate sealed exhibit before a sealing order is obtained. However, contemporaneously with that filing, the party must file a motion for leave to file the document under seal, identifying the party that has designated the material as confidential ("the designating party"). If the party filing the document containing confidential information is the designating party, the motion for leave to file under seal should include a declaration identifying the confidential information contained in the document and explaining why the document is sealable. If the party filing the document is not the designating party, the designating party must file a declaration identifying the confidential information contained in the document and stating whether the designated material is sealable, and if so why, within seven (7) days of the filing of the motion to file under seal. If the designating party does not file a responsive declaration within the seven-day time, the submitting party may file the document in the public record no earlier than four days, and no later than ten days, after the motion is denied.

9. The terms of this protective order do not preclude, limit, restrict, or otherwise apply to the use of documents at court proceedings. Subject to the Federal Rules of Evidence, a confidential document may be offered into evidence at trial or any court hearing, provided that the proponent of the evidence gives advance notice to opposing counsel of the intended use of the confidential document as may be required by a scheduling or other order. Any party may move the Court for an order that the confidential document be received in camera or under other conditions to prevent unnecessary disclosure. The Court will then determine whether the proffered evidence should continue to be treated as a confidential document and, if so, what protection(s) may be afforded to such information at the trial or hearing.

10. If any Party produces any document which contains PHI, as defined, and used in the HIPAA, the Party may elect to redact the PHI from the document prior to production if it pertains to a person who is not a Party to the Lawsuit. If a Party (a) chooses to produce Confidential Information that contains PHI, (b) is required to produce Confidential Information that contains PHI, or (c) otherwise uses Confidential Information that contains PHI, this Confidentiality Order shall be considered a "Qualified Protective Order", as permitted under 45 CFR §§ 164.512(e)(1)(ii) and -(v). Therefore, the party producing any documentation containing PHI is hereby relieved of the requirement to give notice to the patient(s) whose PHI is contained in the confidential record being disclosed (see 45 CFR § 164.512(e)(1)(ii)(A)).

11. Upon conclusion of the Lawsuit, the provisions of this Order shall continue to be binding on the parties. This Order shall remain in full force and effect until modified, superseded, or terminated by consent of the parties or by Court Order. Nothing in this Order shall be interpreted to provide for the Court's continuing jurisdiction over this Order or the parties after final disposition of the case. All Confidential Information including but not limited to, PHI subject to HIPPA and/or the HITECH Act, including all copies, must either be returned to the providing party or destroyed within thirty days of the conclusion of the Lawsuit, and any subsequent appeal, if any, as provided in 45 C.F.R. §164.512(e)(1)(v).

12. This Order shall not be construed as a waiver by any Party of any objection the Party might have regarding the production, admissibility or use of any Confidential Information produced during litigation of the Lawsuit. If any Party disputes the designation of any document as Confidential Information, such Party may bring the issue to the Court's attention, either by motion or, if all Parties agree, pursuant to an informal telephonic status conference with the assigned judge overseeing discovery matters, for a decision on whether such document or

information contained therein constitutes Confidential Information subject to the terms of this Order. However, the parties shall negotiate in good faith concerning any dispute over the confidentiality of materials before raising the issue with the Court. Any dispute as to whether a document and/or its contents is Confidential Information shall be kept Confidential pursuant to the terms of this Order until, and unless, the Court rules otherwise.

13. This Order is not binding on court personnel or jurors.

14. This Order may be modified by the Court upon motion and showing of good cause.

IT IS SO ORDERED this 10th day of September, 2025.

_____
KEVIN R. SWEAZEA
UNITED STATES MAGISTRATE JUDGE