IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

T.H.,

    Plaintiff,

    v.                                                                                    No. 2:24-cv-00887-MIS-KRS

MICHAEL ANDREW MARTINEZ,
in his individual capacity,

    Defendant,

  and

DOÑA ANA COUNTY,

    Defendant-in-Intervention.

**ORDER**

THIS MATTER is before the Court on the County's Motion For Order Directing Subpoenaed Witnesses To Attend Their Depositions ("Motion") (Doc. 171).

**<u>Good Faith Conferral Over Discovery Disputes</u>**

The Motion states that when counsel for Plaintiff was contacted about whether Plaintiff opposed the Motion, Plaintiff's counsel stated: "if you feel you complied with the rules on service of subpoena then I would say we do not object to your motion." (*Id.* at 1). Based on this response, the County filed the Motion as "Unopposed." However, the Motion in fact was not unopposed, as shown by the emails attached to the Motion as well as Plaintiff's written response in opposition to the Motion and the emails attached thereto. As the emails attached to the Motion indicate, Plaintiff's counsel indicated their opinion that the subpoenas were not properly served. At one point in the email exchange, one of Plaintiff's counsel did make the statement: "if you feel you complied with the rules on service of subpoena then I would say we do not object to your motion."

Seizing upon Plaintiff's counsel's statement in the aforementioned email, the County filed the Motion as unopposed, despite the County clearly recognizing in other parts of the email exchange that Plaintiff's position was that the witnesses in question could not be compelled to attend their depositions because the subpoenas had been improperly served, or otherwise didn't comply with applicable rules. *See* (Doc. 171-6 at 3). Plaintiff's counsel is partly at fault for having made the statement that opened the door to the County filing this premature motion. But the County also is at fault for filing a motion as "unopposed," when it knew or should have known the motion was opposed, and without addressing the issue identified by Plaintiff's counsel in counsels' email exchange as the reason for Plaintiff's opposition.

The Court finds that neither Plaintiff's response to the County's Local Rule 7.1(a) inquiry (as quoted in the Motion), nor the County's filing of the Motion as unopposed on the basis of that response, fully complies with the conferral requirement of D.N.M. LR-Civ. 7.1(a). The Court also finds that the parties failed to comply with their good faith obligations to confer over disputed discovery in an attempt to resolve those issues without court intervention. *See* Fed. R. Civ. P. 37(a)(1). This is not the first time that the Court suspects that a discovery motion could have been avoided but for counsels' apparent unwillingness to engage over discovery disputes in a substantive way with the goal of seeking in the first instance to resolve those disputes through compromise and cooperation.

### **Merits Issues**

The Court does not believe it is necessary to address the service issue, at least not at this time. The parties are directed to meet and confer, which must occur either *in person or by telephone*, in an attempt to seek a resolution of their disagreements regarding the depositions of

the subpoenaed witnesses by agreement. To the extent that the County believes that compromise is unnecessary because of its position that the subpoenas were properly served, the County should take note of the various issues that exist with the County's Motion as filed.

First, the Motion cites Fed. R. Civ. P. 37(d)(1)(A)(i) and Fed. R. Civ. P. 37(d)(2) as the legal basis for an order directing the subpoenaed witnesses to attend their depositions, *see* (Doc. 171 at 4), when the plain language of those provisions applies only to *parties*. The subpoenaed witnesses at issue in the Motion are not parties to this litigation. The very case law cited by the County in the Motion makes clear that the County's citation to Rule 37 was inappropriate. *See Daniel & Max LLC v. BAB Holding Co., LLC,* No. CV 19-173 GJF/GBW, 2021 WL 2953114, at *4 (D.N.M. July 14, 2021) ("Neither Rule 37(b)(2) nor Rule 37(d) authorizes the Court to hold Mr. Dixson in contempt or otherwise sanction him since he is not a party to this case.").

Second, as *Daniel & Max LLC* also makes clear, assuming the County is correct that the subpoenas were properly served, the relief to which the County would be entitled in that situation would not be an order directing the subpoenaed witnesses to attend their depositions, but a contempt order under Rule 45. *Id.* at *5 ("Rule 45 gives courts the discretion to hold a subpoenaed individual in contempt for failing to comply with a subpoena without adequate excuse." (citing FED. R. CIV. P. 45(g)). However, "it [is] rare for a court to use contempt sanctions to do other than order attendance at a deposition without first ordering compliance with a subpoena." *Id.* (quoting FED. R. CIV. P 45(g) advisory committee's note to 2013 amendment). Therefore, the Motion should have requested an order directing the third-party witnesses to show cause why they should not be held in contempt.

Third, the Motion fails to establish a factual basis for a contempt order. "To prevail in a civil contempt proceeding, the movant has the burden of proving, by clear and convincing evidence, that (i) the subpoena was valid; (ii) the contemnor had knowledge of it; and (iii) the contemnor disobeyed it. Disobedience, though, need not be willful. If the movant satisfies its burden, the burden shifts to the non-movant to show that its noncompliance is excused." *Daniel & Max LLC v. BAB Holding Co., LLC,* 2021 WL 2953114, at *3 (internal citations omitted). D.N.M. LR-Civ. 7.3(b) provides that "[p]arties must submit evidence, in the form of declarations, affidavits, deposition excerpts, or other documents, in support of allegations of fact" in motions and other filings. And attorney statements in briefs are not evidence. *Skyline Corp. v. N.L.R.B.*, 613 F.2d 1328, 1337 (5th Cir. 1980); *see also In re Lang*, 293 B.R. 501, 513 (B.A.P. 10th Cir. 2003). Thus, the Motion fails to provide appropriate supporting evidence for the requested relief.

Finally, the Motion fails to show that the third-party witnesses have been provided with notice of the Motion. Notice must inform the witnesses that the Court is considering holding them in contempt under Rule 45 for not complying with the County's subpoenas, and that they must provide the Court with an adequate excuse for their noncompliance to avoid being held in contempt. *See Daniel & Max LLC*, 2021 WL 2953114, at *4; *see also id.* at *5 ("Due process requires that Mr. Dixson have adequate notice of and fair opportunity to be heard on any finding of contempt.").

FOR THE FOREGOING REASONS, the County's Motion For Order Directing Subpoenaed Witnesses To Attend Their Depositions **(Doc. 171)** is **DENIED** without prejudice. The parties are ordered to meet and confer in an attempt to resolve their dispute over the third-party depositions, which must occur either in person or by telephone.

IT IS FURTHER ORDERED that, should the County file another motion related to enforcing compliance with third-party subpoenas, said motion must comply with the requirements set forth in this Order. In addition, the County must serve the motion on the subpoenaed witnesses, with service including a cover letter indicating when the motion was filed in Court, and notifying the witnesses that: (1) they may file a written response within fourteen days of the motion being served on them; (2) the Court will construe their silence as a waiver of their right to be heard on the contempt issue; and (3) if they do file a response to the Motion, the Court will hold an evidentiary hearing on whether to hold them in contempt pursuant to Rule 45(g). Service must be by First Class, U.S. Mail Service, postage prepaid, addressed to the witnesses at their home address, as well as electronically if email addresses are available for said witnesses. Proof of service must be filed with the Court.

IT IS SO ORDERED this 11th day of December, 2025.

_____
KEVIN R. SWEAZEA
UNITED STATES MAGISTRATE JUDGE