IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

T.H.,

      Plaintiff,

      v.                                                                      No. 2:24-cv-00887-MIS-KRS

MICHAEL ANDREW MARTINEZ,
in his individual capacity,

      Defendant,

  and

DOÑA ANA COUNTY,

      Defendant-in-Intervention.

**ORDER**

THIS MATTER is before the Court on the "County's Second Motion To Compel And For Sanctions" (Motion) (Doc. 168). The Motion seeks to compel full disclosure of Plaintiff's mental health history and to recover the costs of bringing the Motion pursuant to FED. R. CIV. P. 37(a)(5)(A).

**Discussion**

Interrogatory No. 11 of the County's First Set of Interrogatories sought a "list all mental health treatment providers [Plaintiff] ha[s] visited from April 30, 2013, to present." (Doc. 167-5 at 7). The Local Rules of this Court mandate an automatic disclosure similar to Interrogatory No. 11, except going back in time only five years. *See* D.N.M. LR-CIV. 26.3(d).[1] Plaintiff originally

---

[1] Local Rule 26.3(d) is titled "Required Initial Disclosure," and states in relevant part as follows:

> In all cases in which the physical or mental medical condition of a party is an issue, the party whose condition is an issue must make a good faith effort to produce the following information that the disclosing party may use to support its claims or defenses, unless solely

responded to Interrogatory No. 11 on June 30, 2025, *see* (Doc. 108), by listing an unnamed

therapist who treated her years earlier when she was a child, but whose identity Plaintiff did not

remember. (Doc. 167-5 at 7). Plaintiff also listed three therapists by name—Katrina Bruns, LCSW,

LISW (Mental Health Therapist Katrina Bruns Therapy Services LLC, Las Cruces, New Mexico),

Cathleen Mauricette, LCSW (Wholistic Haven, Delray Beach Florida), and Marc Caplan, Ph. D.

(Las Cruces, New Mexico), as well as the Ben Archer Healthcare Center (Truth or Consequence,

New Mexico), where Plaintiff stated she was treated briefly in 2015 without naming any specific

treating provider. (*Id.*). Plaintiff "supplemented" her response to Interrogatory No. 11 on October

15, 2025, but merely repeated the same information previously given. (*Id.* at 7-8).

Plaintiff produced Dr. Bruns's medical records to the County on October 23, 2025. Certain

information in those records alerted the County to the possibility that Plaintiff may not have

disclosed all of her mental health care providers. *See* (Doc. 168 at 5). Accordingly, the County

issued a subpoena to Plaintiff's insurance carrier. *See* (*id.* at 6). On November 6, 2025, counsel for

the County requested Plaintiff's counsel to provide the name of the provider or providers who

previously diagnosed Plaintiff with OCD and OTSD and prescribed her with medications, and to

---

for impeachment:

> (1) a list of the name, address and phone number of any healthcare provider, including without limitation, any physicians, dentists, chiropractors, mental health counselors, clinics and hospitals which have treated the party within the last five (5) years preceding the date of the occurrence set forth in the pleadings and continuing through the current date; ….

D.N.M. LR-CIV. 26.3(d). Plaintiff cites the introductory language leading up to subsection (1) of Local Rule 26.3(d), which refers to "information that the disclosing party *may use to support* its claims or defenses," as limiting the required disclosure in subparagraph (1) of "*any* health care provider … which ha[s] treated the party within the last five (5) years." Because the language of the Local Rule is arguably ambiguous on whether it requires disclosure of all mental health care providers, or just those that the disclosing party may use to support its claims or defenses, the Court relies solely on Interrogatory 11 for its ruling on the current Motion.

execute a HIPAA release for the Ben Archer Healthcare Center. (*Id.* at 7; Doc. 167-11 at 3). The County represents that it did not receive a response to these requests,[2] and therefore filed the present Motion eight days later on November 14, 2025. (Doc. 168 at 8). On November 24, 2025, *after* the present Motion was filed, Plaintiff provided an additional supplemental response to Interrogatory No. 11, which identified Sherlyn Oberlin, Roots Family Counseling Center in Truth or Consequences, New Mexico, as the mental health provider who diagnosed Plaintiff with OCD/PTSD in 2016, as well as the Sierra Vista Hospital in Truth or Consequences, New Mexico, where Plaintiff was seen by a prescribing doctor to find a mental health professional in 2018. (Doc. 182 at 5; Doc. 179-1 at 3).

In response to the Motion, Plaintiff asserts that she "has responded promptly to new requests, provided all requested releases, and worked to locate older or out-of-state provider information as soon as it became available." (Doc. 175 at 4). But she does not appear to dispute that a release for the Ben Archer Healthcare Center was not provided prior to the filing of the present Motion, or that she did not respond to the County's request that she identify the name of the provider or providers who previously diagnosed her with OCD and OTSD and prescribed her with medications until after the Motion was filed.

Plaintiff's supplemental response identifying for the first time Sherlyn Oberlin and the Roots Family Counseling Center, as well as the Sierra Vista Hospital, which was served on the County after the Motion was filed on November 24, 2025, references the fact that Ms. Oberlin saw

---

[2] The County's reply brief discloses that Plaintiff provided a second supplemental response to Interrogatory No 11 on November 7, 2025, which referred to Plaintiff's therapy records from Wholistic Haven (Dr. Mauricette), and from Dr. Bruns provided to the County on November 6. 2025, *see* (Doc. 182 at 4; Doc. 182-1), but apparently was not responsive to the County's requests for the name of the provider or providers who previously diagnosed Plaintiff with OCD and OTSD and prescribed her with medications and to execute a HIPAA release for the Ben Archer Healthcare Center.

Plaintiff in 2016 "outside the 5-year discovery limitation" (Doc. 179-1 at 3); *see also* (Doc. 179-2 at 3). But Plaintiff failed to acknowledge that Interrogatory No. 11 requested a list of all mental health care providers "from April 30, 2013, to present" (Doc. 167-5 at 7), and there is no indication in the record that Plaintiff objected to the time period requested in the Interrogatory on the ground that it was longer than the five years required by the Local Rule. Plaintiff could not just ignore those parts of the County's discovery requests to which she disagreed, but needed to have served the County with a written objection and then filed a motion for protective order if the parties could not reach agreement on the disputed time period. Any objection to the time period stated in Interrogatory No. 11 that Plaintiff may attempt to raise now would be waived.[3]

Based on the above facts, the Court finds that Plaintiff failed to disclose additional treating mental health providers until after the County filed the Motion. The Court also finds as a result of information recently learned by the County from having sent third-party subpoenas that it is likely Plaintiff has yet to fully and completely disclose either all of her treating health providers for the past five years as required by D.N.M. LR-CIV. 26.3(d)(1), or all of her treating mental health care providers "from April 30, 2013, to present," as required by Interrogatory No. 11. *See* (Doc. 179 at 2; Doc. 179-3; Doc. 179-4; Doc. 187-5). Therefore, Plaintiff will be required to further supplement her discovery responses accordingly.

---

[3] The Court also notes that the County states that, upon receiving Plaintiff's supplemental response on November 24, 2025, the County offered to withdraw the pending Motion if Plaintiff would agree to an extension of the pretrial deadlines and also provide a HIPAA release allowing the County to obtain records beyond the five year period permitted by the Local Rules. *See* (Doc. 179 at 2; Doc. 179-2 at 2). As the County points out (Doc. 179 at 2), Plaintiff declined to agree to this resolution of the pending Motion. *See* (Doc. 179-2 at 1).

## Conclusion

For the foregoing reasons,

1.     The County's Second Motion To Compel (Doc. 168) is **GRANTED**.

2.     Plaintiff is **ORDERED** to supplement her Local Rule 26.3(d)(1) disclosures, as well as her answer to Interrogatory No. 11 on or before **January 30, 2026**. If Plaintiff contends that no additional responsive information exists or is reasonably available, Plaintiff must so state, with appropriate explanation. Plaintiff shall file a certificate of compliance with this order within **three (3)** business days of providing her supplemental disclosures and responses.

3.     Pursuant to FED. R. CIV. P. 37(a)(5)(A), after providing Plaintiff with an opportunity to be heard, the Court **FINDS** that Plaintiff's failure to fully disclose her treating mental health providers as required by Interrogatory No. 11 was not substantially justified, and that no other circumstances make an award of expenses unjust. Accordingly, the Court **ORDERS** Plaintiff to pay the County's reasonable expenses, including attorney's fees, incurred in making this Second Motion to Compel.

IT IS SO ORDERED this 5th day of January, 2026.

_____
KEVIN R. SWEAZEA
UNITED STATES MAGISTRATE JUDGE