IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

T.H.,

    Plaintiff,

v.                                                      No. 2:24-cv-00887-MIS-KRS

MICHAEL ANDREW MARTINEZ,
in his individual capacity,

    Defendant,

  and

DOÑA ANA COUNTY,

    Defendant-in-Intervention.

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court on Defendant Michael Andrew Martinez's Motion To Quash Subpoenas ("Motion"), Doc. 117. The Motion seeks to quash subpoenas served by Plaintiff on two former employers of Defendant Martinez: the New Mexico Department of Public Safety, and Hatch Village Police Department. Both subpoenas request the subpoenaed party to produce

> the initial employment application of [Defendant Martinez], including any reference checks, criminal history searches and results, background investigation and psychological reports related to his fitness to be a law enforcement officer and all personnel files, training records, disciplinary files and any other material related to the employment of Michael Martinez.

Doc. 117-2 at 4; Doc. 117-3 at 4. For the reasons that follow, the Motion is denied.

### Discussion

Rule 45 governs subpoenas issued to non-parties. *See* FED. R. CIV. P. 45; *see also Simon v. Taylor*, No. CIV 12-0096 JB/WPL, 2014 WL 6633917, at *14 (D.N.M. Nov. 18, 2014) ("Discovery of non-parties must be conducted by subpoena pursuant to FED. R. CIV. P. 45."

(internal quotation marks and citation omitted)), *aff'd,* 794 F. App'x 703 (10th Cir. 2019). Rule 45(d)(3) governs quashing or modifying a subpoena:

> (3) *Quashing or Modifying a Subpoena.*
> (A) When Required. On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
> (i) fails to allow a reasonable time to comply;
> (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
> (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
> (iv) subjects a person to undue burden.

FED. R. CIV. P. 45(d)(3). Neither of the subpoenaed third parties have moved to quash or modify the subpoenas. Therefore, the Court initially addresses Defendant Martinez's standing to move to quash the subpoenas, and then moves on to discuss whether adequate grounds exist for denying Plaintiff the discovery sought by the subpoenas.

    **A.    Standing Issue**

Generally, "only the party or person to whom the subpoena is directed has standing to move to quash or otherwise object to a subpoena." *Beach v. City of Olathe, Kan.*, Nos. CIV. A. 99–2210GTV, CIV. A. 99-2217GTV 2001 WL 1098032, at *1 (D. Kan. Sept. 17, 2001) (citing *Hertenstein v. Kimberly Home Health Care, Inc.*, 189 F.R.D. 620, 635 (D. Kan.1999)). "The exception to this rule is that 'a party has standing to move to quash a subpoena addressed to another if the subpoena infringes upon the movant's legitimate interests.'" *Trujillo v. Bd. of Educ. of the Albuquerque Pub. Schs.*, Nos. DIV 02-1146 JB/LFG, CIV 03–1185 JB/LFG, 2007 WL 2296916,

2

at *1 (D.N.M. June 26, 2007) (quoting *United States v. Raineri*, 670 F.2d 702, 712 (7th Cir. 1982)). More specifically, a party has standing to object to a third-party subpoena only if "privilege or privacy interest is shown. … However, '[f]or a party to have standing to challenge a subpoena served on a non-party, there must be more than a conclusory assertion that the subpoenas seek documents that are private, confidential, and commercially sensitive.'" *Lodestar Anstalt v. Route 66 Junkyard Brewery*, CV 17-0062 JCH/JHR, 2019 WL 1795535, at *8 (D.N.M. Apr. 24, 2019) (quoting *Powell v. Allied Universal Sec. Servs.*, CV 12-6133 ARR/SJB, 2018 WL 4378168, at *1 (E.D.N.Y. 2018) (quoted authority omitted)).

Defendant Martinez argues that the personnel files sought by the subpoenas include personal and confidential information. (Doc. 126 at 4). He cites *Singletary v. Sterling Transport Co.*, 289 F.R.D. 237 (E.D. Va. 2012), for the proposition that he possesses a personal right in the information contained in his employment records sufficient to confer standing. The *Singletary* court noted that "numerous courts from within a wide variety of circuits have approved the existence of such a right and have held that such parties have standing to challenge subpoenas directed to their former employers." *Id.* at 239 (citing cases). While no cases from within this District are cited in *Singletary* and none have any been cited by the parties in the briefing, the Court finds that Defendant Martinez has a privacy interest in his employment records sufficient to confer standing to move to quash the subpoenas.[1]

---

[1] Courts also have found that they have the "inherent authority to address discovery issues including quashing or modifying Rule 45 subpoenas where a moving party does not have standing to challenge a subpoena issued to a nonparty." *McKinney v. Granite Peak Fabrication, LLC,* Civil No. 19-CV-266-J, 2021 WL 7252981, at *2-3 (D. Wyo. Aug. 24, 2021) (quoting *Copeland v. C.A.A.I.R., Inc*., No. 17-CV-564-TCK-JFJ, 2020 WL 972754, at *3 (N.D. Okla. Feb. 28, 2020)); *see also Alsaadi v. Saulsbury Indus., Inc*., No. 2:23-CV-291 KG/KRS, 2024 WL 2896115, at *2 (D.N.M. June 10, 2024). Because the Court finds that Defendant Martinez has standing to challenge the subpoenas, the Court need not rely on its inherent authority here.

3

B.     **Relevancy/Scope Issue**

It is generally accepted that the scope of discovery under a subpoena is the same as the scope of discovery under Rule 26(b). *See Quarrie v. Wells,* Civ. No. 17-350 MV/GBW, 2020 WL 4934280, at *2 (D.N.M. Aug. 24, 2020) ("A subpoena to a third party under Rule 45 is subject to the same discovery limitations as those set out in Rule 26." (internal quotation marks and citation omitted)); FED. R. CIV. P. 45(d)(1) advisory committee note (explaining the 1970 amendments "make it clear that the scope of discovery through a subpoena is the same as that applicable to Rule 34 and the other discovery rules"). In general, a party

> may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

FED. R. CIV. P. 26(b)(1).

In *Singletary*, the court found that the third-party subpoenas at issue, seeking the plaintiff's entire employment file from his former employers, were "not limited to seeking only those documents relevant to th[e] [plaintiff's] FLSA overtime compensation action or the claims based upon an oral employment contract," and therefore were "overly broad on their face." *Singletary,* 289 F.R.D. at 241. Like *Singletary*, several other cases cited by Defendant Martinez also involve claims against an employer for overtime compensation under the Fair Labors Standard Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, in which the defendant employer sought the entire personnel file from the former employers of the named plaintiffs and opt-in plaintiffs, including but not limited to job application(s), interview notes, performance evaluations, termination or resignation

4

notices, payroll records, and income tax forms. The courts in question found the plaintiffs' prior employment history to be "marginally relevant" to the claims at issue, which concerned whether the defendant had failed to pay the statutorily required overtime compensation. *Hendricks v. Total Quality Logistics, LLC,* 275 F.R.D. 251, 252, 254 (S.D. Ohio 2011) (where the defendant issuing forty-two subpoenas duces tecum to prior and subsequent employers, court holds that "plaintiffs' former job duties and personnel files have little to no bearing on the ultimate legal question of whether plaintiffs were exempt from the FLSA overtime pay requirements while employed by defendant"); *see also Singletary,* 289 F.R.D. at 241 (finding that the subpoenas were "both overbroad and not tailored to a particular purposes"); *Barrington v. Mortgage IT, Inc.,* No. 07-61304-CIV, 2007 WL 4370647, at *4 (S.D. Fla. Dec. 10, 2007) (stating that records of the plaintiffs' former employers did "not appear relevant to the claims or defenses" in the case concerning "whether Plaintiffs worked for Defendant more than 40 hours a week without receiving overtime compensation and whether Defendant properly classified Plaintiffs' positions as exempt from the FLSA overtime provisions").

Three other cases cited by Defendant Martinez involve employment discrimination claims, in which the defendants argued that the plaintiffs' entire personnel files from former employers were relevant to issues such as the plaintiffs' mitigation efforts, qualifications, and credibility. *See, e.g., Lewin v. Nackard Bottling Co*., No. CV 10-8041-PCT-FJM, 2010 WL 4607402 (D. Ariz. Nov. 4, 2010); *U.S. E.E.O.C. v. Vista Unified Sch. Dist*., Civil No. 07-1825-IEG(LSP), 2008 WL 4937000 (S.D. Cal. Nov. 17, 2008); *Maxwell v. Health Ctr. of Lake City, Inc*., No. 3:05CV1056-J-32MCR, 2006 WL 1627020 (M.D. Fla. June 6, 2006). The courts found that "the subpoenas [were] not likely to lead to relevant, admissible evidence, and therefore not discoverable under

5

Rule 26(b)(1)." *Lewin*, 2010 WL 4607402, at *1; *see also U.S. E.E.O.C.*, 2008 WL 4937000, at *3 ("The subpoenas issued to the Charging Party's previous employers seek information that is not relevant to any claim or defense in this litigation and are overbroad."); *Maxwell*, 2006 WL 1627020, at *4 (rejecting the defendant's argument that the discovery was justified because whether the plaintiff had filed previous complaints of racial discrimination, harassment or allegations of hostile work environment was relevant to the plaintiff's allegations of discrimination in that case).

This case involves claims of an entirely different nature than the FLSA and employment discrimination claims at issue in the cases cited by Defendant Martinez. Plaintiff alleges that Defendant Martinez, a sheriff's deputy employed by the Doňa Ana County Sheriff's Office, sexually assaulted her after handcuffing her and placing her in the back of his patrol car. As Plaintiff further explains, "[t]he requested documents pertain to Defendant Martinez's fitness and conduct as a law enforcement officer, which are central to the issues of liability and credibility in this case." (Doc. 120 at 2). Defendant Martinez, on the other hand, argues that his prior employment records "have no relation to the claims brought" against him. (Doc. 117 at 9). But Martinez does little more than repeatedly assert that the information and documents in his personnel files have no bearing on Plaintiff's claims in this case. "Simply proclaiming … 'irrelevant' … fails to meet [Defendant Martinez's] burden and it is not this Court's responsibility to find supportive law." *Morgan v. Ramsey*, No. 11-CV-451-TCK-PJC, 2012 WL 12837281, at *2 (N.D. Okla. Oct. 26, 2012). Likewise, parroting "the time-honored cry of 'fishing expedition'" and little more, will not "serve to preclude a party from inquiring into the facts underlying" that party's

or her opponent's case. *Mason v. Stock*, 869 F. Supp. 828, 835 (D. Kan. 1994) (internal quotation marks and citation omitted).

Instead, "[w]hen the requested discovery appears relevant, the party opposing discovery has the burden of establishing the lack of relevance by demonstrating that the requested discovery does not come within the scope of relevance set forth in Rule 26(b)(1), or that it is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure." *Morgan,* 2012 WL 12837281, at *3. Even after the 2015 amendments to Rule 26(b)(1), "[r]elevance is still to be construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on any party's claim or defense." *Landry v. Swire Oilfield Servs., L.L.C.*, 323 F.R.D. 360, 380 (D.N.M. 2018) (internal quotation marks and citation omitted); *see generally Garcia v. State Farm Mut. Auto. Ins. Co.,* No. 1:24-cv-1286 KK/KRS, 2025 WL 2966364, at *4-6 (D.N.M. Oct. 21, 2025).

The Court agrees with Plaintiff that the requested employment records potentially contain information relevant to whether Defendant Martinez committed the alleged acts of sexual assault. *See, e.g.,* FED. R. EVID. 415(a) ("In a civil case involving a claim for relief based on a party's alleged sexual assault …, the court may admit evidence that the party committed any other sexual assault …."). The records may also contain information relevant to Plaintiff's claim that Martinez intentionally destroyed audio and video evidence, as well as information bearing on Martinez's credibility and on punitive damages.[2] While evidence of similar bad acts (whether sexual assault or destruction of evidence) "is not admissible to prove a person's character in order to show that

---

[2] One factor in determining punitive damages against Martinez is "whether the conduct involved repeated action versus an isolated incident." *Leon v. FedEx Ground Package Sys., Inc.*, 313 F.R.D. 615, 635 (D.N.M. 2016).

7

on a particular occasion the person acted in accordance with the character," it may be admissible "for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." FED. R. EVID. 404(b)(1), (2); *see Morgan,* 2012 WL 12837281, at *4 ("Evidence of civilian complaints may lead to discoverable evidence inasmuch as it could establish a pattern, and show Defendant's intent or absence of mistake[.]"). "Plaintiffs in federal civil rights actions are presumptively entitled to ... documents on prior complaints and police history." *Morgan,* 2012 WL 12837281, at *4 (quoting *King v. Conde*, 121 F.R.D. 180, 198 (E.D.N.Y. 1988); and *Flanagan v. Munger*, 890 F.2d 1557, 1571 (10th Cir. 1989) (reprimands are discoverable as they relate to the officers' work). "In *Spell v. McDaniel*, 591 F. Supp. 1090 (4th Cir. 1987), discovery was allowed not only regarding the complained of incident itself, but also as to the defendant officer's prior conduct in the police department. Regardless of the outcome of the complaints, prior civilian complaints are discoverable." *Id.* (citing, inter alia, *Ismail v. Cohen*, 899 F.2d 183, 188 (2d Cir. 1990) (admission into evidence that officer committed similar misconduct in another incident was not error); *United States v. Neal*, No. 11-CR-00163-WJM, 2011 WL 4829664, at *2 (D. Colo. Oct. 12, 2011) (personnel records may include relevant information pertaining to the officer's credibility and may be admissible for impeachment)).

The issue at this stage of the proceedings is not whether such evidence would be admissible at trial but only whether it is discoverable. *See* FED. R. CIV. P. 26(b)(1) ("Information within th[e] scope of discovery need not be admissible in evidence to be discoverable."). "Undoubtedly, many of the items in the police files are not going to be admissible at trial. However, the pertinent issue at present is discoverability, not admissibility, and this judge will not be unwittingly drawn into

making premature determinations that certain items are inadmissible." *Mason*, 869 F. Supp. at 835. Martinez asserts that, "[o]ther than the present matter, at no time has [he] ever been accused of rape, sexual misconduct or sexual abuse while on duty." (Doc. 126 at 6). But a statement by counsel in a brief is not evidence, *see Skyline Corp. v. N.L.R.B.*, 613 F.2d 1328, 1337 (5th Cir. 1980), and even if it was, Plaintiff is not required to take Martinez at his word. She is entitled to discovery to determine whether Martinez's assertion of no prior accusations of sexual misconduct is true.[3]

Although it is not necessary to upholding the discovery at issue since the discovery is relevant for other purposes, the Court also finds that the subpoenas seek relevant information concerning what the County "knew or should have known about Martinez's proclivities before hiring him." (Doc. 120 at 2). According to Plaintiff, this information is relevant because the County is taking the position that "it is not a culpable party to the reprehensibility of Martinez's actions" and therefore will not be responsible for paying any punitive damages the jury may award. (*Id.*).[4] Defendant Martinez responds that there are no pending claims against the County in this matter, and that, "[a]s such, what the County knew or should have known about Martinez'[s] proclivities before hiring him in no way relates to any party's claim or defense." (Doc. 126 at 2). The Court acknowledges that Plaintiff dismissed her claims against the County. But thereafter the presiding judge granted the County's motion to intervene as a defendant, finding that, "[s]hould the

---

[3] Moreover, sexual assault is not the only misconduct of which Martinez is accused. Plaintiff has alleged a separate claim for spoilation of evidence, which could be supported by evidence of similar misconduct while employed elsewhere.

[4] Martinez asserts that the County is immune from punitive damages under 42 U.S.C. § 1983. *See* (Doc. 126 at 8). As Martinez well knows, however, the issue here is not the County's liability under § 1983 but its potential liability under New Mexico statutory law related to indemnification of officers acting within the scope of their employment.

9

factfinder determine that Martinez was acting within the scope of his duties as a public employee, Martinez may be fully indemnified under the New Mexico Tort Claims Act by the County," and "the County may then be responsible for paying any punitive damages awarded." (Doc. 63 at 3 (citing N.M. Stat. Ann §§ 41-4-20, 41-4-4(C))). The intervention order thus concludes that the County has "a direct, substantial, and legally protectable interest in the outcome of the litigation, especially concerning punitive damages because who pays punitive damages and their financial worth is likely relevant *evidence* for the fact finder." (*Id.* (internal quotation marks and citation omitted) (emphasis added)).

The Court understands Martinez's argument that, because Plaintiff has no claim against the County, punitive damages, if awarded, would be against Martinez and not the County. But if, as the intervention order seems to suggest, evidence of the County's financial worth will be admissible at trial (assuming Martinez is found to be entitled to indemnification by the County), then the Court cannot say for certain that the jury would not be allowed to also consider evidence of what the County knew or should have known about Martinez in assessing the amount of punitive damages to award. The Court simply cannot say at this stage of the proceedings (1) whether the County will be legally obligated to indemnify Martinez; (2) if so, whether evidence of that fact will be presented to the jury;[5] and, (3) if so, whether that means Plaintiff would also be entitled to present evidence concerning what the County knew or should have known about Martinez.

---

[5] Although the intervention order suggests that the answer to that question is yes, the order does not discuss the basis for that suggestion in any detail, and the Court notes that there is disagreement in the case law over whether a jury in a § 1983 action should be instructed that the state will indemnify an employee. *Compare Larez v. Holcomb*, 16 F.3d 1513, 1519 (9th Cir. 1994) (holding it was error to so instruct the jury), *with Wallace v. Poulos*, 861 F. Supp. 2d 587, 601 (D. Md. 2012) (rejecting the holding in *Larez* on the ground that the court's reasoning overlooks the fact that consideration of a defendant's wealth, while irrelevant to compensatory damages, is "integral" in the realm of punitive damages).

10

Fortunately, the Court is not concerned here with what evidence will be admissible at trial but only with what information is discoverable. And given the intervention order and the County's involvement as a litigating defendant in this lawsuit, the Court is wary of saying that the information sought by Plaintiff concerning the County's knowledge has no relevancy to Plaintiff's ability to prosecute her claims in this case, even though the complaint asserts claims against Martinez only. *See Morgan*, 2012 WL 12837281, at *3 ("A discovery request should be allowed unless it is clear that the information sought can have no possible bearing on the claim or defense of a party." (internal quotation marks and citation omitted)).

The Court acknowledges Defendant Martinez's asserted privacy concerns in his personnel files. *See Ortega v. San Diego Police Dep't*, No. 13-CV-87-LAB JMA, 2013 WL 5724032, at *2 (S.D. Cal. Oct. 21, 2013) ("With respect to a party's assertion of privacy rights as a means to protect documents from discovery, federal courts ordinarily recognize that a constitutionally-based right of privacy can be raised in response to discovery requests."). The Tenth Circuit has noted that "personnel files often contain sensitive personal information ... and it is not unreasonable to be cautious about ordering their entire contents disclosed willy-nilly." *Regan–Touhy v. Walgreen Co.,* 526 F.3d 641, 648 (10th Cir. 2008). However, "[t]his is not to say personnel files are categorically out-of-bonds." *Id*. at 649. "The same rule is generally applied to law enforcement personnel records, but the privacy interest of an officer should be construed very narrowly." *Morgan*, 2012 WL 12837281, at *3. "[T]he privacy interests of police officers in personnel records 'should be especially limited in view of the role played by the police officer as a public servant who must be accountable to public review.'" *Mason*, 869 F. Supp. at 833 (quoting *King*, 121 F.R.D. at 191); *see also Ortega*, 2013 WL 5724032, at *2 ("In the context of the disclosure of

11

police files, courts have recognized that privacy rights are not inconsequential[,]" but "must be balanced against the great weight afforded to federal law in civil rights cases against police departments." (internal quotation marks and citations omitted)). The cases cited by Martinez to rebut this case law all involve a court's denial of a *criminal* defendant's request for access to police personnel files. *See* (Doc. 126 at 4-5). Those cases are distinguishable because discovery is much more limited in criminal cases than in the civil context.[6] "As the Tenth Circuit has indicated, there is a compelling interest in the ascertainment of truth, and when the case 'involves a "swearing match" between the [plaintiff] and [the] accused … police officer[ ], ascertainment of the truth is of particular importance.'" *Morgan,* 2012 WL 12837281, at \*4 (quoting *Denver Policemen's Protective Ass'n v. Lichtenstein*, 660 F.2d 432, 436 (10th Cir. 1981)).

Defendant Martinez vaguely references case law discussing a "constitutionally based privacy interest" and possible "privilege" in a law enforcement officer's psychological records. (Doc. 126 at 4). Martinez's argument appears to confuse discovery of privileged information or documents with discovery of information or documents that are not privileged but implicate a party's privacy interests. Privileged information or documents are protected from discovery *regardless* of whether the information is relevant to any claims or defenses. *See* FED. R. CIV. P. 26(b)(1); *Auguste v. Alderden,* No. CIV.A.03CV02256WYDKL, 2008 WL 3211283, at \*3 (D. Colo. Aug. 6, 2008). In *Jaffee v. Redmond*, 518 U.S. 1 (1996), the Supreme Court recognized there exists a psychotherapist-patient privilege under federal common law. But if Martinez is attempting to raise a privilege argument based on *Jaffe* as to some of the documents contained in

---

[6] *See Campbell v. Eastland,* 307 F.2d 478, 487 (5th Cir.1962) (noting that "[w]hile the Federal Rules of Civil Procedure have provided a well-stocked battery of discovery procedures, the rules governing criminal discovery are far more restrictive").

12

his personnel records, he has done so only superficially and so has waived the issue. *See, e.g., Sports Racing Servs., Inc. v. Sports Car Club of Am., Inc.*, 131 F.3d 874, 880 & n. 9 (10th Cir.1997). Insofar as Defendant Martinez's privacy interests are concerned, those interests are adequately protected by the Confidentiality Order already entered in this case. *See* (Doc. 149, ¶¶ 1(a), (c) (defining "Confidential Information" to include all medical and psychological records of all parties and all materials contained in employment or personnel files of any party); *Morgan*, 2012 WL 12837281 at *3–4 (personnel files ordered produced subject to confidentiality order).

Finally, Defendant Martinez asserts that the burden of producing the information sought by the subpoenas is "not proportional to the present case." (Doc. 126 at 9). The Court questions whether Martinez has standing to assert that the third parties named in the subpoenas will be unduly burdened by responding to the subpoenas. But in any event, he fails to support the argument beyond a conclusory assertion of burdensomeness and disproportionality. As Plaintiff points out, "[t]he entities subpoenaed are governmental agencies accustomed to handling such requests." (Doc. 120 at 4). In the absence of any objection from the subpoenaed parties or evidence to support burdensomeness or lack of proportionality, the Court finds that the subpoenas are not unduly burdensome and that the information sought is proportional to the needs of the case considering the serious nature of the allegations, including sexual assault and intentional spoliation of evidence. The potential benefit of obtaining the information sought outweighs the potential burden on the responding entities.

**Conclusion**

For the foregoing reasons, Defendant Michael Andrew Martinez's Motion To Quash Subpoenas, **Doc. 117,** is **DENIED**.

IT IS SO ORDERED this 15th day of January 2026.

_____
KEVIN R. SWEAZEA
UNITED STATES MAGISTRATE JUDGE